JERICHO SASH AND DOOR COMPANY, INC. *vs.* BUILDING ERECTORS, INC. July 17, 1972. The defendant appeals from a final decree for the plaintiff on this bill in equity to reach and apply assets of the defendant to the plaintiff's claim of damages for breach of contract. The sole question presented is whether the trial judge erred in allowing damages for "profit (including reasonable overhead)" under G. L. c. 106, § 2–708 (2), in the absence of evidence showing separate figures for profit and for overhead. The plaintiff delivered 1,420 pairs of assorted sizes of window sash, for which the defendant admitted liability, and the defendant then repudiated the undelivered balance of 5,580. The plaintiff introduced evidence showing the

"weighted average sales price per pair" and the "weighted average direct cost per pair" of the delivered sash. Subtraction of cost from price gave "lost profit and overhead per unit," and multiplication by the number of undelivered units gave "total lost profit and overhead," and the judge awarded more than $21,000 on that account. There was no error. The judge followed the statutory injunction that the remedy "be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed." G. L. c. 106, § 1–106 (1), as appearing in St. 1957, c. 765, § 1. Damages need not "be calculable with mathematical accuracy. Compensatory damages are often at best approximate: they have to be proved with whatever definiteness and accuracy the facts permit, but no more." Comment 1 to § 1–106 (1) of the Uniform Commercial Code, 1 U. L. A. (Master Ed.). See *Dyecraftsmen, Inc.* v. *Feinberg*, 359 Mass. 485, 488, 490. There was evidence that all the expenses that were saved as a result of the breach were included in direct cost except for a few relatively insignificant items. Compare *F. A. Bartlett Tree Expert Co.* v. *Hartney*, 308 Mass. 407, 412; *Coyne Industrial Laundry of Schenectady, Inc.* v. *Gould*, 359 Mass. 269, 276–277. There is no requirement that "overhead" be separated from "net profit" in the computation. As the plaintiff's witness and the judge clearly understood, "profit (including reasonable overhead)" in the statute is the equivalent of "gross profit," including fixed costs but not costs saved as a result of the breach.

*Decree affirmed with costs of appeal.*

*Joseph Golant* for the defendant.
*David R. Berley* (*Herbert Abrams* with him) for the plaintiff.